# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CRESWELL HOLDINGS LLC, | § | |
| | § | |
| | § | CIVIL ACTION No. 4:15-CV-407 |
| v. | § | Judge Mazzant |
| | § | |
| LENOVO (UNITED STATES) INC. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendant Lenovo (United States) Inc.'s Motion to Transfer to the Eastern District of North Carolina (Dkt. #20). After reviewing the relevant briefing and materials, the Court finds that the motion is denied.

## BACKGROUND

Plaintiff filed suit against Defendant, asserting patent infringement of U.S. Patent Nos. 6,340,803, 6,194,677, and 6,318,695, on June 16, 2015 (Dkt. #1). Plaintiff is a Delaware limited liability company having a principal place of business in Plano, TX (Dkt. #1 at p. 1). Defendant is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Morrisville, NC (Dkt. #1 at p. 1).

Defendant filed the present motion to change venue on November 16, 2015 (Dkt. #20). Plaintiff filed a response on December 7, 2015 (Dkt. #25). Defendant filed a reply brief on December 17, 2015 (Dkt. #27). Plaintiff filed a sur-reply on December 28, 2015 (Dkt. #28).

## LEGAL STANDARD

Defendant moves to transfer venue to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a), which permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice...to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place

1

discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of 28 U.S.C. § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense…'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). As transfer of venue is not a matter of substantive patent law, case law from the Court of Appeals for the Fifth Circuit governs this motion. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties have consented to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I"). Once that threshold inquiry is met, the Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"). The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary

problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id*.

The party seeking transfer of venue must show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315. The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315. The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Volkswagen II*, 545 F.3d at 313 & 314 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. at 315.

## ANALYSIS

The first issue that the Court must determine is whether the suit could have been filed originally in the destination venue. *Volkswagen II*, 545 F.3d at 312. Defendant argues, and Plaintiff does not contest, that, in accordance with 28 U.S.C. § 1400(b), this suit could have been brought originally in the Eastern District of North Carolina because Defendant has sold or offered for sale accused products in the Eastern District of North Carolina and Defendant has its principal place of business in the District (Dkt. #20 at p. 6). The Court agrees, noting that venue would have been proper as Defendant resides in the Eastern District of North Carolina. 28 U.S.C. § 1391.

The question, therefore, is whether Defendant has met its burden to demonstrate whether the Eastern District of North Carolina is a "clearly more convenient" forum than the present judicial district. The Court will now turn to that analysis.

A.  **Public Interest Factors**

The Fifth Circuit applies four non-exclusive public interest factors in determining a § 1404(a) venue transfer question – (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or the application of foreign law.

*1. The administrative difficulties flowing from court congestion*

In considering this factor, the speed with which a case can come to trial and be resolved may be a factor.  *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (citing *Gates Learjet Corp v. Jenson*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("[T]he real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.")).  The Federal Circuit has noted that this factor appears to be the most speculative, and case-disposition statistics may not always tell the whole story.  *Id*.

The most recent statistics obtained by this Court for the 12-month period ending in June 30, 2015, indicate that the median time from filing to trial in civil cases in the Eastern District of Texas was 22.9 months, as compared to 22.2 months in the Eastern District of North Carolina.[1] The median time from filing to disposition in the Eastern District of Texas was 8.1 months and 7.9 months in the Eastern District of North Carolina.  There is little difference in the median amount of time in which this case can come to trial and/or be resolved in either district.  The Court finds this factor is neutral.

---

[1] *See* Federal Court Management Statistics, June 2015, www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-june-2015.aspx, accessed February 12, 2016.

4

*2. The local interest in having localized interests decided at home*

The second public interest factor is the local interest in having localized interests decided at home. *Volkswagen II*, 545 F.3d at 315. "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Affinity Labs of Texas v. Samsung Electronics Co., Ltd.*, 968 F. Supp. 2d 852, 855 (E.D. Tex. 2013) (citing *Volkswagen I*, 371 F.3d at 206)). The mere sale of "several" or "some" of the allegedly infringing products in a given district is not enough to shift this factor in favor of one party. *See In re TS Tech USA Corp*, 551 F.3d 1315, 1321 (Fed. Cir. 2008).

Defendant contends that the Eastern District of North Carolina has a strong interest in the case because Defendant's headquarters is located in the Eastern District of North Carolina and employs approximately 2,200 people there (Dkt. #20 at p. 11). Defendant challenges Plaintiff's connection to the Eastern District of Texas as Plaintiff's location in Texas was recently registered and Plaintiff does not appear to employ people in the District (Dkt. #20 at p. 12).

Plaintiff, on the other hand, argues that the Eastern District of Texas has a strong local interest because the patents-in-suit have been involved in more than one lawsuit filed in the District, Plaintiff is a resident doing business in the area, and at least one relevant third party has an office in Texas (Dkt. #25 at p. 11).

The decision before the Court is whether the Eastern District of Texas or the Eastern District of North Carolina has the greatest local interest in deciding this case. Defendants are technically correct that another lawsuit has been filed in the Eastern District of Texas that involves one of the three patents-at-issue in this case, but Plaintiff rightly notes that the Court should not consider this second lawsuit in this analysis as it was filed after this suit was instituted. *See In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013).

While some relevant business decisions made by Defendant appear to have occurred in the Eastern District of North Carolina, particularly regarding marketing and sales data, it appears that much of the evidence and many of the relevant witnesses are located outside of the U.S. (Dkt. #27 at pp. 3-4). However, in a comparison, the Eastern District of Texas has a less significant connection to this litigation as the Eastern District of North Carolina is home to at least a few likely relevant witnesses, Defendant's headquarters, and over two-thousand employees. This factor slightly favors transfer.

*3. The familiarity of the forum with the law that will govern the case*

The parties do not dispute that both courts are familiar with the relevant law. This case arises under federal patent law, with which both districts are familiar and able to apply appropriately. The Court finds that this factor is neutral.

*4. The avoidance of unnecessary problems in conflict of laws*

As this is a patent case arising under federal law, there are no issues relating to conflict of laws. The court agrees with the parties that this factor is neutral.

**B. The Private Interest Factors**

The Fifth Circuit also considers four non-exclusive "private" factors − (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of willing witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive. *Volkswagen II*, 545 F.3d at 315.

*1. The relative ease of access to sources of proof*

The first private interest factor is the relative ease of access to the sources of proof. *Volkswagen I*, 371 F.3d at 203. "The Fifth Circuit has cautioned this factor remains relevant

despite technological advances having made electronic document production commonplace." *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *3 (W.D. Tex. June 13, 2014) (citing *Volkswagen II*, 545 F.3d at 316)). "The Federal Circuit has observed that '[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer,' and therefore the location of the defendant's documents tends to be the more convenient venue.'" *Id.* (citing *Genentech*, 566 F.3d at 1345). Thus, the Court will consider the location of the relevant documents at issue.

Defendant argues that the bulk of the relevant documents is located in the Eastern District of North Carolina (Dkt. #20 at p. 7). Defendant further highlights the relevant witnesses residing in the Eastern District of North Carolina, in contrast with the Eastern District of Texas, where Defendant does not maintain relevant facilities or conduct relevant operations (Dkt. #20 at p. 7). Defendant notes that related material is likely located in Elliott City, Maryland, which is much closer to North Carolina than Sherman, Texas (Dkt. #20 at p. 8). Defendant asserts that Plaintiff is unlikely to have many, if any, relevant documents in the Eastern District of Texas unless it moved them for the purposes of this lawsuit (Dkt. #20 at p. 8).

Plaintiff contends that the relevant documents are likely located in Asia rather than North Carolina, and specifically argues that Dallas Fort Worth International Airport is more convenient for travel to Taipei than air travel from Raleigh, North Carolina (Dkt. #20 at p. 8). Further, Plaintiff notes that at least one relevant third party supplier has two Texas offices and another third party supplier is located in California (Dkt. #20 at p. 8).

The Court notes that some evidence regarding the patents is likely in North Carolina or Maryland. The parties, however, appear to agree that much of the relevant material to this suit is located in Asia and with third party suppliers located much closer to the Eastern District of

Texas. While the additional inconvenience of travel to and from North Carolina as opposed to Texas from Taipei or California is relatively insignificant, it appears that there will be a greater amount of relevant material outside of North Carolina. This factor slightly weighs against transfer.

*2. The availability of compulsory process to secure the attendance of witnesses*

The second private interest factor is the availability of compulsory process to secure the attendance of witnesses. *Volkswagen I*, 371 F.3d at 203. A court cannot compel nonparty witnesses to travel more than 100 miles, unless it is within the same state and will not cause the witnesses to incur substantial travel expenses. FED. R. CIV. P. 45(c)(3)(A)(ii), 45(c)(3)(B)(iii). Both parties note that Defendant has not yet identified any third party witnesses located in Texas or North Carolina, and therefore this factor is neutral (Dkt. #20 at p. 11). The Court agrees.

*3. The cost of attendance for willing witnesses*

The third private interest factor is the cost of attendance for willing witnesses. *Volkswagen I*, 371 F.3d at 203. In *Volkswagen II*, the Fifth Circuit noted that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time in which these fact witnesses must be away from their regular employment." *Volkswagen II*, 545 F.3d at 317. The Fifth Circuit established the "100-mile" rule to determine the convenience of the transferee district to the witnesses and parties. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. When inconvenience would exist in either potential venue, merely shifting inconvenience from one party's witnesses to the other is

insufficient to affect a transfer of venue analysis. *In re Google Inc.*, 412 F. App'x 295, 296 (Fed. Cir. 2011).

Defendant argues that the majority of the parties' apparent relevant witnesses and documents are located in or near the Eastern District of North Carolina (Dkt. #20 at p. 9). Defendant specifically highlights that transfer would shorten the travel distance for Defendant's witnesses by 1,100 miles and for attorneys who prosecuted the patents-in-suit by 1,000 miles (Dkt. #20 at p. 10). Defendant notes that Plaintiff has not identified the location of its witnesses and that there is no evidence that witnesses in Asia will willingly come to trial. In the case that witnesses do come from Asia, Defendant argues that the inconvenience between the two forums is de minimis (Dkt. #27 at p. 4).

Plaintiff claims that most non-party witnesses are located in Asia and that Dallas is a much more convenient and less costly destination for the out of country witnesses (Dkt. #25 at p. 10). Plaintiff argues that witnesses in North Carolina are not as relevant as Defendant claims, noting that Defendant has stated that the majority of the design, development and manufacturing occurs overseas (Dkt. #25 at p. 10) (citing Dkt. #20 at p. 2). Plaintiff points to suppliers' facilities in Utah, Mexico, and California (Dkt. #28 at p. 2). Plaintiff suggests that the Eastern District of Texas is more convenient for most if not all third party witnesses and is actually closer to the relevant witnesses in Asia than the Eastern District of North Carolina, concluding that this factor is essentially neutral (Dkt. #25 at p. 11).

The Court finds that, at this stage, it is unclear exactly which witnesses will be relevant or willing to travel to trial. The parties identify a few witnesses located relatively close to the Eastern District of North Carolina, but the Court acknowledges that all other potential witnesses are likely located closer to the Eastern District of Texas. Further the Court acknowledges that, at

this early stage, it is difficult to determine the level of relevance of particular potential witnesses. With the limited information regarding potential witnesses, the Court finds that this factor weighs only slightly in favor of transfer.

*4. All other practical problems that make trial easy, expeditious, and inexpensive*

Defendant contends that because this case is in its early stages, no practical problems exist that would deter this Court from transferring this litigation. Plaintiff does not directly discuss this factor. Discovery has only recently commenced in this case, but could easily be continued in a different forum. No claim construction order has been entered in the present case. There are no practical problems that make trial easy, expeditious, and inexpensive in either forum. This factor is neutral.

## CONCLUSION

The Court finds that private interest factor 1 weighs slightly against transfer while private interest factor 3 and public interest factor 2 weigh slightly in favor of transfer. The remaining factors are neutral. Considering all the factors, there is only a small weighing in favor of transfer. Therefore, the Court finds that Defendant has failed to meet its burden of showing the that the Eastern District of North Carolina is clearly more convenient than the current forum for this litigation.

It is therefore **ORDERED** that Defendant Lenovo (United States) Inc.'s Motion to Transfer to the Eastern District of North Carolina (Dkt. #20) is hereby **DENIED**.

**SIGNED this 16th day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE